IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARCUS MONTEZ SPANGLER,          )
AIS #188712,                     )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          CASE NO. 2:18-CV-105-MHT
                                 )
OFFICER HAIGHLER,[1] et al.,     )
                                 )
          Defendants.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Marcus Montez Spangler, an indigent state inmate currently incarcerated at the Bullock

Correctional Facility.  Spangler, a frequent federal litigant, alleges that on January 12, 2018

correctional officers at Bullock subjected him to the use of excessive force.  Doc. 1 at 3.

Pursuant to the orders of this court, the defendants filed a special report supported

by relevant evidentiary materials, including affidavits and medical records, in which they

address the claims for relief presented by Spangler.  The report and evidentiary materials

respond to the conclusory allegations presented by Spangler.  Specifically, the defendants

maintain that correctional officers observed Spangler masturbating on female personnel

and, when they questioned him about the behavior, Spangler pushed defendant Haigler and

became verbally combative.  Doc. 13-1 at 1-2 & Doc. 13-4 at 2.  Defendants contend that

---

[1]  This defendant's true name is Devonte Haigler. In the interest of clarity, the court will refer to the defendant by his correct name.

Haigler and Harris took Spangler to the ground using only that amount of force necessary to gain control of Spangler and place him in handcuffs. *Id*.

In light of the foregoing, the court issued an order directing Spangler to file a response to the defendants' written report. Doc. 14. The order advised Spangler that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 14 at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 14 at 1 (emphasis in original). The time allotted Spangler for filing a response in compliance with the this order expired on May 14, 2018. Spangler has failed to file a response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, it is clear that dismissal of this case is the proper course of action at this time. Spangler is indigent. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Spangler's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the evidentiary materials submitted by the defendants, which are at this point undisputed by the plaintiff, demonstrate that no violation of the Constitution occurred. It therefore appears that any

additional effort by this court to secure Spangler's compliance would be unavailing and a waste of scarce judicial resources. Consequently, the court concludes that Spangler's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further ORDERED that on or before **July 5, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the

provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 20th day of June, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge